UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| NAJJA PLOWDEN | Index No.: 23-CV-2699-UA |
| Plaintiff, | **COMPLAINT** |
| -against- | Plaintiff Demands Trial by Jury |
| CITY OF NEW YORK, POLICE OFFICER AUSENCIO FERNANDEZ, and POLICE OFFICER ANDREW MUSCO, | |
| Defendants. | |

------------------------------------------------------------------X

Plaintiff, NAJJA PLOWDEN, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CITY OF NEW YORK, POLICE OFFICER AUSENCIO FERNANDEZ and POLICE OFFICER ANDREW MUSCO, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, NAJJA PLOWDEN, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court

1

by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded

**PARTIES**

5. Plaintiff is a United States citizen of full age.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

7. Defendant NYPD POLICE OFFICER AUSENCIO FERNANDEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant FERNANDEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise

performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

8. Defendant NYPD POLICE OFFICER ANDREW MUSCO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant MUSCO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

9. On or about November 5, 2022, at approximately 3:30 P.M., in the subway station at Broadway and Park Place in Manhattan, plaintiff NAJJA PLOWDEN was lawfully present on the downtown track when he was approached by the defendants POLICE OFFICER AUSENCIO FERNANDEZ and POLICE OFFICER ANDREW MUSCO.

10. During the encounter that ensued, defendant FERNANDEZ struck plaintiff in the face without cause or justification of any sort.

11. After he struck plaintiff, defendant FERNANDEZ, with defendant MUSCO's assistance, arrested plaintiff without probable cause.

12. Defendant FERNANDEZ then initiated a criminal proceeding against plaintiff by falsely claiming that plaintiff had shoved and kicked him.

13. As a result of the baseless charges levied against plaintiff by defendant FERNANDEZ plaintiff was held in custody for approximately twenty-four hours and was forced to return to court on several occasions before the charges were eventually dismissed.

14. As a result of defendant FERNANDEZ's unnecessary and illegal use of force, abuse of arrest power and defendant MUSCO's failure to intervene in an obvious instance of misconduct, plaintiff did suffer injury, loss of liberty, emotional distress, mental anguish and public humiliation.

### AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against defendants POLICE OFFICER AUSENCIO FERNANDEZ and POLICE OFFICER ANDREW MUSCO in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

15. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

16. At all times during the events described above defendant FERNANDEZ lacked probable cause to use force against plaintiff.

17. All of the aforementioned acts of defendant FERNANDEZ were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

19. The acts complained of were carried out by defendant FERNANDEZ in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

20. At all times relevant to this complaint, defendant ANDREW MUSCO had a meaningful opportunity to observe defendant FERNANDEZ's illegal use of force and abuse of arrest power and failed to intervene.

21. The acts complained of resulted in injury to plaintiff.

22. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*False Arrest as against defendants FERNANDEZ and MUSCO in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983*

23. Plaintiff repeats, reiterates and re-asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herin.

24. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

25. All of the aforementioned acts of defendants FERNANDEZ and MUSCO were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

28. The arrest complained of resulted in plaintiff's unlawful loss of liberty.

29. The acts complained of deprived plaintiff of his right to be free from false arrest.

30. At all times relevant to this complaint, defendant MUSCO had an opportunity to observe plaintiff's unlawful arrest. He not only failed to intervene to put a stop to the unlawful abuse of arrest power by his colleague, he also chose to participate in it.

## AS FOR THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

31. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

32. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

33. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a police officer to arrest a citizen without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

34. At all times relevant to this Complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force and abuse of arrest power as described in this Complaint.

35. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights

of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  March 31, 2023
        New York, NY

By:      */s/Alexis G. Padilla*
    Alexis G. Padilla, Esq. [AP7400]
    *Attorney for Plaintiff*
    *Najja Plowden*
    378 Lewis Ave. #6
    Brooklyn, NY 11233
    (917) 238-2993
    alexpadilla722@gmail.com